# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 10-2006-PHX-DGC (LOA) |
| Plaintiff, | No. CR 10-616-PHX-DGC |
| v. | **ORDER** |
| Rafael Garcia-Espinoza, | |
| Defendant/Movant. | |

On September 20, 2010, Movant Rafael Garcia-Espinoza, who is confined in the Federal Correctional Institution in Loretto, Pennsylvania, filed a *pro se* "Motion For Time Reduction By An Inmate In Federal Custody, (28 U.S.C. § 2255)" ( Doc. 1 in CV 10-2006-PHX-DGC (LOA)). By Order filed October 12, 2010 (Doc. 4), the Court denied the Motion because it was not filed on the court-approved form. Movant was given 30 days from the filing date of the Order to file an amended motion.

On December 13, 2010, an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 7) was filed. Because the Amended Motion was signed by "Laura Rios" and not by Movant, the Court, by Order filed April 5, 2011 (Doc. 9), directed the Clerk of Court to strike the Amended Motion and gave Movant 30 days from the filing date of the Order to file a second amended motion signed by either Movant personally or an attorney who is permitted to practice in this District Court.

On April 5, 2011, Movant filed a Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 10) that is

signed by Movant. The Court will summarily dismiss the Second Amended Motion.

**I.      Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Re-Entry of Removed Alien, in violation of 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1). On September 8, 2010, the Court sentenced Movant to a 37-month term of imprisonment, with credit for time served, followed by three years on supervised release.

Movant does not allege any grounds for relief in his Second Amended Motion, although he asks that the Court grant the following relief:

> Time reduction [-] I am a 55 yr. old male with [a] very poor health condition that is slowly deteriorating. I have a heart condition that I have to take daily medication for. Along with high blood pressure and cholesterol I also have my wife at home that is d[i]sable[d] and also suffers from diabetes, high blood pressure, renal failure and a condition called lupus. I have been a really good inmate staying out of trouble while []waiting to finish serving my sentence. I believe I deserve a sentence reduction due to my statement above. * points and authorities equal rights protection I, VI, VII, and XIV Amendments. A person should not be discriminated regardless of race, religion, color, origin or nationality. I know that I will be deported upon completing my sentence and I will never return to the United States of America. Please review my case to determin[e] my eligibility for my request.

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

**III.    Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States

v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and

knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(Doc. 23 in CR 10-616-PHX-DGC). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 23 in CR 10-616-PHX-DGC).

None of Movant's assertions in his Second Amended Motion pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in his Second Amended Motion. Thus, the Court will summarily dismiss the Second Amended Motion. Accordingly,

**IT IS ORDERED:**

(1) The Clerk of Court must **terminate** Doc. 24 in CR 10-616-PHX-DGC.

(2) The Second Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 10 in CV 10-2006-PHX-DGC (LOA)) is **denied** and the civil action opened in connection with this Motion (CV 10-2006-PHX-DGC (LOA)) is **dismissed with**

- 4 -

**prejudice**. The Clerk of Court **must enter judgment** accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court **declines to issue** a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 12th day of July, 2011.

_____
David G. Campbell
United States District Judge